UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
IRA GERALD,

              Plaintiff,          **MEMORANDUM AND ORDER**
                                                     Case No.: 1:21-cv-00665-FB

   -against-

COMMISSIONER OF SOCIAL SECURITY,

             Defendant.
---------------------------------------------------x

Appearances:

*For the Plaintiff*:
HAROLD SKOVRONSKY
1810 Avenue N
Brooklyn, New York 11230

*For the Defendant*:
BREON PEACE
United States Attorney
By: SARAH E. PRESTON
Special Assistant U.S. Attorney
Eastern District of New York
271 Cadman Plaza East, 7th Floor
Brooklyn New York 11021

**BLOCK, Senior District Judge:**

     Ira Gerald ("Gerald") appeals the Commissioner of Social Security's ("Commissioner") final decision denying his application for Social Security Benefits. For the following reasons, Gerald's motion is granted, the Commissioner's motion is denied, and the case is remanded for further proceedings consistent with this Memorandum and Order.

**I.**

On December 13, 2017, Gerald applied for disability insurance benefits alleging disability as of December 1, 2016 due to cardiovascular disease. An administrative law judge ("ALJ") held a hearing on January 6, 2020 and found Gerald not disabled. Gerald conceded that because he returned to work beginning July 1, 2018, he was not disabled from that date forward and as such, amended his claim to request a closed period of disability from December 1, 2016 through July 1, 2018. The ALJ held a supplemental hearing on May 6, 2020 and found Gerald not disabled for the closed period. On December 14, 2020, the Appeals Council denied Gerald's request for review, and the ALJ's decision became the decision of the Commissioner. This action followed.

## II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

Remand is warranted here because the ALJ failed to develop the record where gaps in information existed, substituted his own opinion for that of medical

professionals, and cherrypicked from the record. In doing so, the ALJ came to a decision not supported by substantial evidence.

Because Social Security proceedings are inquisitional and not adversarial, an ALJ has a duty to develop the administrative record, especially where gaps in information persist. *See Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996) ("Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record."). Therefore, where relevant information appears vague, the ALJ must seek to clarify ambiguity. The ALJ in Gerald's proceedings failed to do so. Instead, he rejected the opinions of Gerald's physicians, citing their vagueness as a basis for dismissal, rather than further investigating.

In addition, an ALJ is not permitted to substitute his or her own judgment of a claimant's condition for that of a medical professional's assessment. *See Balsamo v. Chater*, 142 F.3d 75, 91 (2d Cir. 1998) ("[I]t is well-settled that 'the ALJ cannot arbitrarily substitute his own judgment for a competent medical opinion...[W]hile an [ALJ] is free to resolve issues of credibility as to lay testimony or to choose between properly submitted medical opinions, he is not free to set his own expertise against that of a physician...") (citing *McBrayer v. Sec'y of HHS.*, 712 F.2d 795, 799 (2d Cir. 1983)).

The ALJ concluded that Gerald was experiencing nothing more than a heart arrythmia. To reach this conclusion, the ALJ dismissed the opinions of multiple medical experts. For example, a report provided by Dr. Steven Samuels, M.D., who examined Gerald in February 2018 at the request of the Social Security Administration, included a diagnosis of atrial fibrillation, a right hemispheric cerebrovascular accident with left hemiparesis and left foot drop, hypertension, vertigo, and chronic depression. *See* A.R. 335. Additionally, Dr. Samuels noted that Gerald had marked limitations in heavy lifting, carrying, bending, kneeling, and squatting. Dr. Samuels also regarded Gerald's use of a cane as "medically necessary." A.R. 334. Yet, the ALJ deemed Dr. Samuels's opinion to be "unpersuasive" because "his opinions are vague" – which, again, is not alone a legitimate legal basis for dismissing a physician's recommendations. A.R. 17. In failing to properly credit Dr. Samuels's opinion, the ALJ improperly replaced his own opinion of Gerald's condition for that of a medical source, which represents legal error.

Lastly, remand is required due to the ALJ's improper cherrypicking from the record. "[The ALJ] cannot pick and choose evidence that supports a conclusion." *Smith v. Bowen*, 687 F. Supp. 902, 904 (S.D.N.Y. 1988) (internal citation omitted). The ALJ found the opinion of Gerald's neurological consultative examiner, Dr. Chaim Shtock, D.O., to be unpersuasive. Dr. Shtock opined that Gerald had marked

4

and moderate-to-marked limitations. Similarly, the State agency medical consultant, Dr. R. Pradhan, M.D., opined that Gerald was limited to a reduced range of light exertion. The ALJ found this opinion unpersuasive, as well.

Despite the concurring opinions of the State agency's medical consultant and the Commissioner's own medical expert, the ALJ opted to rely on the conflicting opinion of Dr. James W. Todd, M.D. Dr. Todd did not examine Gerald, but instead testified at the supplement hearing based on his review of Gerald's medical records. In choosing to rely on Dr. Todd's opinion above those of the concurring opinions of the other medical experts, the ALJ appears to have cherrypicked from the record in order to support his own opinion and reach his desired conclusion.

In addition, the ALJ likewise discredited the opinion of Gerald's treating physician, Dr. Danni Saldana, M.D., who opined that Gerald had limitations on physical exertion. While a treating physician's medical opinion is no longer presumptively given controlling weight, the ALJ must determine the persuasiveness of each medical source according to certain criteria.[1] 20 C.F.R. §§ 404.1520c(a). The factors that an ALJ must consider include supportability, consistency, relationship with the claimant and specialization, among others. 20 C.F.R. §§ 404.1520c(c). Supportability and consistency are the most important factors. 20 C.F.R. §§

---

[1] As of March 27, 2017, the Social Security Administration eliminated the treating physician's rule, which gave controlling weight to the opinion of a physician who treated a claimant.

404.1520c(a). In his or her finding, the ALJ must articulate his or her consideration of these factors, including the persuasiveness of each source. *Id.*

The ALJ plainly failed to properly analyze Dr. Saldana's opinion and instead conclusively stated that it was unpersuasive because it conflicted with the opinion of Dr. Todd. This further supports that the ALJ cherrypicked from the record to support his own opinion. In doing so, the ALJ made a finding that was inconsistent with and unsupported by medical evidence. *See Hilsdorf v. Comm'r of Soc. Sec.,* 724 F. Supp. 2d 330, 347 (E.D.N.Y. 2010) (stating that an ALJ who makes a determination that is unsupported by substantial evidence has improperly substituted his own opinion for that of a physician).

### III.

For the aforementioned reasons, Gerald's motion is granted, the Commissioner's motion is denied, and the case is remanded for further proceedings consistent with this Memorandum and Order.

**SO ORDERED.**

      /S/ Frederic Block_____

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 22, 2022

6